UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINCY A. CURRY,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.

Case No. 16-cv-11040
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR HABEAS CORPUS**

Petitioner Quincy A. Curry, confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for carjacking, Mich. Comp. Laws § 750.529a, conspiracy to commit carjacking, Mich. Comp. Laws § 750.529a, receiving and concealing stolen property, Mich. Comp. Laws § 750.535(7), and felony firearm. Mich. Comp. Laws § 750.227b. The Court will summarily dismiss the Petition without prejudice because Petitioner failed to exhaust his claims with the state courts.

**I. BACKGROUND**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. He appealed, claiming that the judgment of sentence incorrectly indicated that he had been convicted of being a fourth felony habitual offender. The Michigan Court of Appeals remanded the matter to the trial court to amend the judgment of sentence. *People v. Curry*, No. 317090, 2014 WL 6713479 (Mich. Ct. App. Nov. 25, 2014). On April 28,

2015, the Michigan Supreme Court denied the application for leave to appeal. *People v. Curry*, 497 Mich. 1015, 862 N.W.2d 226 (2015).

On March 14, 2016, Petitioner filed this Petition, seeking habeas corpus relief on the following grounds:

> [1] "*People v. Davis*, (2003) 658 N.W. 2d 800, 468 Mich. 77, I did not use violence, force, threat, or fear to anyone. I was never in possession of a motor vehicle. . . ."
>
> [2] "*People v. Maybee*, 44 Mich. App. 268, 205 N.W. 2d 244 (1973), The trial court committed reversible error in permitting Kevin Hamilton to testify against me during the jury trial without giving a cautionary instruction concerning the credibility of his testimony. . . ."
>
> [3] "*People v. Carines*, 460 Mich. 750, 763-764; 597 N.W. 2d 130 (1999). I didn't have a fair trial do (sic) to the judge being bias(sic). He was persuading the jury by leading the witness on. Also, my lawyer didn't object to the prejudice (sic) attitude. . . ."
>
> [4] "*People v. Watson*, 245 Mich. App. 572, 586; 629 N.W. 2d 411 (2001). Didn't have a fair trial. The witness lied the whole time on the stand. Do (sic) to the statements that was contradictive. There was insufficient evidence to support my conviction related to two separate events. Specifically, I maintain that there was insufficient identification evidence to prove that I was the person who committed the charged crimes. . . ."

(Dkt. 1, Pet. at 1–14.) Petitioner admits that he did not raise any of these claims in the state courts on direct appeal or through collateral review. (*See id.*)

## II. DISCUSSION

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U.S. 270, 275–78 (1971). A petition for a writ of habeas corpus filed by a state prisoner "shall not be granted unless the petitioner has exhausted his or her available state court remedies, there is an absence of available

state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights." *See Turner v. Bagley*, 401 F. 3d 718, 724 (6th Cir. 2005).

A Michigan prisoner must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act ("AEDPA") preserves the traditional exhaustion requirement, "which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so." *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The failure to exhaust state court remedies may be raised *sua sponte*. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003) (citing *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)).

It is the Petitioner's burden to prove exhaustion. *See Rust v. Zent*, 17 F. 3d 155, 160 (6th Cir. 1994). Here, Petitioner acknowledges that he did not exhaust his claims prior to filing his habeas petition.

Petitioner has an available state court remedy with which to exhaust his claims: a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003); *see also Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505–6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct.

R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Moreover, AEDPA's statute of limitations should not pose a problem for Petitioner if he seeks to return to this Court should the state courts deny relief on his claims. The Michigan Supreme Court denied petitioner's application for leave to appeal on April 28, 2015. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Rather, the one-year period began on the date that the 90 day time period for seeking certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Because Petitioner did not seek a writ of certiorari with the United States Supreme Court, the judgment became final, for the purpose of the limitations period, on July 27, 2015. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed his habeas application with this Court on March 14, 2016, after only a little more than seven months had elapsed on the one year statute of limitations.[1] 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 14, 2016, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

4

Petitioner. Because Petitioner has nearly four months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings, Petitioner would not be prejudiced if his Petition was dismissed without prejudice during the pendency of his motion for post-conviction relief.

Accordingly, the Court will dismiss the Petition without prejudice.

### III. CONCLUSION

Petitioner admits that he failed to exhaust his habeas claims, and he still has an available state court remedy to do so. The circumstances of his Petition do not call for a stay and abeyance. Accordingly, the Court SUMMARILY DISMISSES WITHOUT PREJUDICE Petitioner's Petition for Writ of Habeas Corpus. Further, the Court believes that no reasonable jurist would grant habeas relief on Petitioner's claims in this procedural posture, so a certificate of appealability will not issue from this Court. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But if Petitioner nonetheless chooses to appeal, the appeal would not be in bad faith; so he may proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 6, 2016.

                                                s/Jane Johnson
                                                Case Manager to
                                                Honorable Laurie J. Michelson